## SAMUEL S. ROSSMAN v. HAL OIL COMPANY

No. 4415.   Decided August 30, 1927.   (249 P. 1118.) ·

*Marioneaux & Hogan* and *Walton, Walton & Nelson,* all of Salt Lake City, for appellant.

*H. L. Mulliner,* of Salt Lake City, for respondent.

STRAUP, J.

The plaintiff brought this action for an accounting. In his complaint he alleged that on March 10, 1924, he and the defendant entered into a contract whereby it was agreed that the plaintiff should become the general manager of the defendant's business, and for his services should be compensated by giving him a drawing account of $200 per month, but not to exceed $3,000 a year, and that at the end of the year 1924, an accounting was to be had between the plaintiff and the defendant, the net profits of the business ascertained for the period beginning January 1, 1924, and ending December 31, 1924, and from such net profits 12 per cent was to be deducted and allowed the defendant as interest on its investment of about $50,000, and that the balance of the profits was to be divided equally between the plaintiff and the defendant; that in pursuance of such contract the plaintiff on March 10, 1924, entered upon his duties as general manager, and continued in such service until August 30,

1924, at which time the defendant wrongfully asserted that no such contract as claimed by him existed between him and the defendant, and that his employment was only that of an employee at a salary of $200 per month, and thereupon discharged him; that the net profits of the business from January 1 to August, 1924, were approximately $28,000, and that the defendant continued to earn large profits thereafter, but that the defendant refused to account to him for any of them. The defendant denied the material allegations of the complaint, including the contract as therein alleged, and in effect averred that the only contract made with the plaintiff was one of employment at a salary of $200 a month. By stipulation of the parties it was agreed to first try the question of the relation of the parties, and whether a contract such as alleged by the plaintiff existed or not, which, if found against the plaintiff, eliminated the issue as to an accounting. Upon the trial thereof the court found that no such contract was entered into as alleged by the plaintiff; that in March, 1924, the plaintiff entered the service of the defendant as a mere employee at a monthly salary of $200, which was paid the plaintiff in full, and that he was not the general manager, and performed no such duties, and that the only work done by him was that of an employee of the defendant upon a salary of $200, and that all of the allegations of the complaint as to the plaintiff's right to profits were untrue, and that no contract was entered into which entitled him to any profits, and held that such findings disposed of the case and thus rendered judgment dismissing the complaint. The plaintiff appeals, contending that the findings are against the evidence. We are well satisfied that the findings are not only supported by good and sufficient evidence, but by a manifest preponderance of the evidence. On the record, we do not see how the court could well have found otherwise than as was found. Plaintiff's alleged contract, as testified to by him, rested entirely on parol. His testimony, with respect to its essentials, was uncorroborated, in many particulars improbable and inconsistent with the

surrounding facts and circumstances, and was directly disputed by testimony of other witnesses. The judgment of the court below is affirmed, with costs.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.